**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1792-23

DAVID VILLATORO-
CALDERON,

     Plaintiff-Appellant,

v.

R.A., NICHOLAS K. SANCHEZ,
ANDY AMPARO-GARCIA,
JOSE CALDERON, and
LIBERTY MUTUAL INSURANCE
CO.,

     Defendants-Respondents,

and

JULISSA SANCHEZ,

     Defendant.

_____

Submitted May 14, 2025 – Decided June 25, 2025

Before Judges Marczyk and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-1638-22.

Jonathan Fleisher, attorney for appellant.

Voss Nitsberg DeCoursey & Hawley, attorneys for respondent Nicholas K. Sanchez (Andrea L. Greene, of counsel and on the brief).

PER CURIAM

Plaintiff David Villatoro-Calderon appeals from the trial court's January 8, 2024 order granting defendant Nicholas Sanchez's motion for summary judgment and dismissing plaintiff's complaint with prejudice. Based on our review of the record and the applicable legal principles, we affirm.

I.

Defendant pulled his vehicle onto the side of the road in Elizabeth to look for directions on his phone. R.A.[1] and another individual then entered the rear doors of defendant's vehicle and, according to defendant's statements to the Elizabeth Police, R.A. "held a handgun to the back of [defendant's] head and told [defendant] to give [R.A.] everything he has."[2]

---

[1] Because juvenile delinquency records are exempt from public access pursuant to Rule 1:38-3(d)(5), we use initials to describe the perpetrator.

[2] R.A. was captured shortly after the incident and subsequently pled guilty to first-degree robbery and second-degree possession of a weapon for an unlawful purpose.

Defendant stated in his deposition that once he "saw the weapon," he "got scared," stepped on the accelerator, and began driving at a high rate of speed. He testified his decision to start driving was "a quick reaction," and the "first thing that came to [his] head," "probably" due to "[his] adrenaline." While defendant drove west on Franklin Street, plaintiff was sitting in the front-passenger seat of a vehicle that had stopped at a stop sign and then proceeded through the intersection of Second Street and Franklin Street. As plaintiff entered the intersection, defendant drove through a stop sign and struck plaintiff's vehicle.

Plaintiff then observed a male, later identified as R.A., exit defendant's vehicle and fire two shots toward defendant's vehicle. Defendant estimated he drove for approximately six seconds, but no more than ten seconds, from the time he pressed the accelerator until the accident occurred.

Plaintiff filed a complaint alleging defendant negligently collided with plaintiff's vehicle, causing him to sustain permanent injuries. Following discovery, defendant moved for summary judgment.

Defendant argued he did not proximately cause plaintiff's injuries because R.A.'s actions constituted an intervening cause. Plaintiff, in turn, acknowledged "[t]his [was] essentially a carjacking" but contended defendant caused the

3

accident by stepping on the gas pedal and accelerating his vehicle, "despite the fact the gun was to his head." Plaintiff asserted defendant could have chosen a different course of action, and a jury should determine "what [was] reasonable under the circumstances."

In rendering its oral decision, the court noted the "doctrine of superseding causes focuses on whether events or conduct that intervened subsequent to defendant's negligence are sufficiently unrelated to or unanticipated by that negligence to warrant termination of defendant's responsibility." The court stated defendant "did not anticipate that a gun would be pointed at his head" when he pulled over to the side of the road. Applying the doctrine, the court determined "the passenger['s] point[ing] a gun at [defendant]'s head[] . . . was the wrongful intervening force that created the accident."

The court further stated defendant drove "out of fear for his life," and the accident would not have occurred but for the wrongful acts of R.A. It found defendant "did not do anything negligent" independent of this situation and noted the parties were "all victims of . . . [R.A.'s] intentional superseding act." It, thus, found there was no question of material fact and that "[w]hatever negligence [defendant] may have had [was] superseded by" R.A.'s getting into

4

his vehicle and threatening his life with a loaded gun. Accordingly, the court entered an order granting defendant's motion for summary judgment.

## II.

We review de novo a trial court's ruling on a motion for summary judgment, applying the same standard used by the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022) (citing Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 511 (2019)). This court must decide whether "there is [a] genuine issue as to any material fact" when the evidence is "viewed in the light most favorable to the non-moving party." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405-06 (2014) (first quoting R. 4:46-2(c); and then quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). "To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving party.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)).

"The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. at 540). "If there is no genuine issue of material fact, [the court] must then 'decide whether

the trial court correctly interpreted the law.'"  DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)).  On de novo review, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (alteration in original) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

On appeal, plaintiff principally contends the court erred in finding an intervening event caused the accident because the trier of fact ordinarily determines issues regarding proximate cause.  He argues there was nothing extraordinary about the result of defendant's actions because an accident is the foreseeable and probable outcome of driving through a stop sign.

Plaintiff asserts the court incorrectly framed the issue as "whether . . . [defendant] was negligent by having parked his car on the side of the road, and then allowing someone to enter into his car and put a gun to his head."  Rather, he avers the issue is whether defendant was negligent by driving his car through a stop sign and into an intersection.  He contends defendant's response to R.A. entering his car was not a proximate cause issue but rather goes to whether

6

defendant acted reasonably under the circumstances. Plaintiff argues the most prudent course of action would have been for defendant to comply with R.A's demands and that a jury could find a reasonable person would not have reacted by driving the car through a stop sign into an intersection.

Defendant, in turn, asserts the court did not err in finding there was no genuine issue of material fact because R.A.'s conduct superseded any negligence that could have been attributed to defendant. He maintains that whether he made the most prudent choice is immaterial because the accident would not have occurred but for the superseding acts of R.A.

"The fundamental elements of a negligence claim are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, injury to the plaintiff proximately caused by the breach, and damages." Robinson v. Vivirito, 217 N.J. 199, 208 (2014). "[T]he mere showing of an accident causing the injuries sued upon is not alone sufficient to authorize an inference of negligence." Vander Groef v. Great Atl. & Pac. Tea Co., 32 N.J. Super. 365, 370 (App. Div. 1954) (quoting Hansen v. Eagle-Picher Lead Co., 8 N.J. 133, 139-40 (1951)).

"[T]o be a proximate cause . . . conduct need only be a cause which sets off a foreseeable sequence of consequences, unbroken by any superseding cause,

A-1792-23

and which is a substantial factor in producing the particular injury." Showalter v. Barilari, Inc., 312 N.J. Super. 494, 503 (App. Div. 1998) (alteration in original) (citations omitted).

"Generally, issues of proximate cause are left to the jury . . . . even when the injury was caused by a seemingly extraordinary event." Ibid. "[T]here may be any number of causes intervening between a negligent act and a final injurious occurrence." Davis v. Brooks, 280 N.J. Super. 406, 412 (App. Div. 1993). "The original negligence is deemed to continue and operate contemporaneously with all intervening acts of negligence that might reasonably be foreseeable, so that the original negligence is regarded as a concurrent cause of the final resulting injury." Ibid.

Central to this appeal is whether R.A.'s pointing a loaded gun at defendant's head was a superseding cause of plaintiff's injury. "A superseding or intervening act is one that breaks the 'chain of causation' linking a defendant's wrongful act and an injury or harm suffered by a plaintiff." Komlodi v. Picciano, 217 N.J. 387, 418 (2014) (quoting Cowan v. Doering, 111 N.J. 451, 465 (1988)). Our Court has articulated, "the doctrine of superseding cause focuses on whether events or conduct that intervene subsequent to the defendant's negligence are sufficiently unrelated to or unanticipated by that negligence to warrant

termination of the defendant's responsibility." Lynch v. Scheininger, 162 N.J. 209, 230 (2000). "The conceptual issue [of] whether an intervening cause should relieve a defendant of responsibility for his or her prior negligence has been accurately characterized as a question of policy and fairness[.]" Id. at 227.

The Restatement's definition of superseding cause provides:

> A superseding cause relieves the actor from liability, irrespective of whether his antecedent negligence was or was not a substantial factor in bringing about the harm. Therefore, if in looking back from the harm and tracing the sequence of events by which it was produced, it is found that a superseding cause has operated, there is no need of determining whether the actor's antecedent conduct was or was not a substantial factor in bringing about the harm.
>
> [Restatement (Second) of Torts § 440 cmt. b (Am. L. Inst. 1965).]

"Our caselaw reflects a pragmatic application of the doctrine of superseding cause, focusing on the specific facts and circumstances that raise the issue irrespective of whether the intervening event involved negligent or intentional conduct by others." Lynch, 162 N.J. at 228. Indeed, courts have concluded that "intervening events constituted superseding causes as a matter of law, where such events were sufficiently extraordinary or so clearly unrelated to the antecedent negligence that imposition of liability would be unreasonable." Id. at 229. Simply put, superseding or intervening acts that "are 'foreseeable' or

9

the 'normal incidents of the risk created' will not break the chain of causation and relieve a defendant of liability." Komlodi, 217 N.J. at 418 (quoting Model Jury Charges (Civil), 6.14, "Proximate Cause" (approved Aug. 1999)).

The relevant model jury charge describes an intervening cause as "the act of an independent agency that destroys the causal connection between the defendant's . . . negligence and the accident." Model Jury Charges (Civil), 6.14, "Proximate Cause — Where There Is Claim of Intervening or Superseding Cause for Jury's Consideration," at 1 (rev. Sept. 2021). "The intervening cause must be one that so completely supersedes the operation of [defendant]'s negligence that . . . the intervening event caused the accident . . ., without [defendant]'s negligence contributing to it in any material way." Id. at 1-2. However, a defendant "would not be relieved from liability for negligence by the intervention of acts of third persons, if those acts were reasonably foreseeable." Id. at 2.

Guided by these principles, we are unpersuaded by plaintiff's argument that defendant's decision to disregard a stop sign while proceeding through an intersection was the proximate cause of plaintiff's injury and that a jury should determine whether defendant acted reasonably under the circumstances. Plaintiff isolates defendant's actions in relation to the resultant injury,

A-1792-23

contending that an accident is the foreseeable outcome of speeding through a stop sign. While the consequences of defendant's acts may have been foreseeable, the occurrence of a superseding cause focuses on the chain of events linking to the injury, not the foreseeability of the injury as a result of a single cause removed from the sequence of events. Simply put, plaintiff's framing of the issue is misguided because whether a superseding cause destroys the causal chain requires an analysis of the intervening event in relation to defendant's purported negligence and proximate cause of the subsequent injury.

We are satisfied the court did not err in granting defendant's motion for summary judgment by finding R.A.'s acts constituted a superseding cause that led to the accident. Defendant could not have foreseen or anticipated that R.A. would unlawfully enter his vehicle and hold a gun to his head while he was pulled over on the side of a road. As such, the court appropriately determined that but for R.A.'s pointing the gun at defendant and attempting to rob him, the accident would not have occurred because defendant would not have driven through the stop sign.

The court correctly found R.A.'s holding defendant at gunpoint was so highly extraordinary so as to be the sole cause of the accident, thus breaking the causal chain between defendant's acts and plaintiff's injuries. Although

11

defendant could have chosen an alternative course of action other than driving through an intersection, defendant's actions were superseded by the intentional acts of R.A. Accordingly, because the parties do not dispute defendant was reacting to the extraordinary situation of having a gun pointed at his head when he began driving toward the intersection, the court appropriately determined defendant was not a proximate cause of the accident.

There is no indication the accident would have occurred in the absence of R.A.'s pointing a loaded firearm at defendant's head. R.A.'s conduct operated independent of, and superseded, defendant's conduct such that defendant did not contribute to the accident in any material way. R.A.'s criminal acts were not foreseeable and were sufficiently extraordinary to render the imposition of liability on defendant unreasonable under the circumstances. Accordingly, we discern no error in the trial court's granting of defendant's summary judgment motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

12

A-1792-23